## PROVIDENCE.

VERE W. BECK *et al. vs.* WILLIAM C. ASHKETTLE *et als.*

Pub. Stat. R. I. cap. 237, § 13, of the appointment of a receiver of the estate of an insolvent debtor, provides for a petition in equity and "notice to the debtor."

*Held,* in the absence of court rule or statutory provision as to the service of citations that "notice" meant personal notice.

The statute requires in order to maintain the petition, that it shall be filed by one or more of the creditors of the debtor, holding not less than one fifth of the debts in amount.

*Held,* that, in computing the one fifth of the debts necessary to sustain the petition, secured debts are to be reckoned as part of the total indebtedness.

CREDITORS' petition for the appointment of a receiver of the estate of an insolvent debtor under Pub. Stat. R. I. cap. 237, § 13.

*July* 19, 1893. PER CURIAM. The point is brought to our notice that there has been no sufficient service of the citation and we think the point well taken. Pub. Stat. R. I. cap. 237, § 13, provides for a petition in equity and "notice to the debtor." The citation was served by leaving a copy at the last and usual place of abode of the debtor, who it appears had absconded. In the absence of any rule or statutory provision for service of citations, we think that the notice required is personal notice and consequently that there has been no "notice to the debtor" in this case.

Another citation was then issued of which personal service was made upon the debtor, and the matter again came before the court.

*September* 27, 1893. MATTESON, C. J. This is a petition under Pub. Stat. R. I. cap. 237, § 13, for the appointment of a receiver of the estate of William C. Ashkettle, an insolvent debtor. The testimony shows that the respondent's indebtedness, which is unsecured, amounts to $2,598, of which there is due to the petitioners $551. The residue of the respondent's indebtedness, which is unsecured, is a judgment for $2,047 in favor of Alexander Grant, who is also the

holder of a note of the respondent for $6,000, secured by mortgage of a house and lot. The house and lot cost about $9,500. The writ in the suit in which the judgment in favor of Grant was obtained was served by attachment of the mortgaged house and lot. The purpose of the present proceeding is to vacate this attachment, to the end that the debtor's property, outside of the mortgage, may be equally distributed among his creditors. The statute requires, in order to maintain the petition, that it shall be filed by one or more of the creditors of the debtor, holding not less than one fifth of the debts in amount. The aggregate of the debts held by the petitioners exceeds one fifth of the unsecured indebtedness of the debtor, but is much less than one fifth of his indebtedness if the mortgage note for $6,000 is to be reckoned. The question presented is, whether the $6,000 is to be reckoned as a part of the respondent's indebtedness in computing the one fifth of the debts necessary to sustain the petition. We are of the opinion that the $6,000 must be reckoned. The statute does not except from the creditors entitled to file a petition a creditor whose debt is secured. We cannot hold that the claim of such a creditor is to be excluded from the computation without legislating into the statute an exception which it does not contain. To the extent that a creditor holds security for his claim it is virtually paid. We can see no reason why, to that extent, he should be permitted to interfere with, or control the interests of other creditors whose claims are unsecured. On the contrary, we think the interests of justice and the policy of the statute would be best subserved if a creditor whose claim is secured were excluded from those entitled to maintain the petition. But we do not feel warranted by these considerations in interpolating into the statute a provision to that effect.

It follows, as the $6,000 is to be reckoned and as the claims held by the petitioners do not amount to one fifth of the respondent's indebtedness, that the petition must be denied and dismissed.

*Herbert B. Wood & William Fitch*, for petitioners.
*Joseph C. Ely & Herbert Almy*, contra.